Sarah J. Spinuzzi (Bar No. 305658)
Email: sarah@coastkeeper.org
Davina Shoumer (Bar No. 358336)
Email: davina@coastkeeper.org
ORANGE COUNTY COASTKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone: (714) 850-1965

JS-6

*Attorneys for Plaintiff Orange County Coastkeeper*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ORANGE COUNTY COASTKEEPER, a California nonprofit public benefit corporation,

Plaintiff,

v.

ANGELUS BLOCK CO. INC., a corporation; MEA MANUFACTURING PROPERTIES, LLC, a limited liability company,

Defendants.

Civil Case No. 8:26-cv-01041-DFM

**~~[PROPOSED]~~ CONSENT DECREE**

**(Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq*.)**

## CONSENT DECREE

**WHEREAS,** Orange County Coastkeeper is a 501(c)(3) non-profit public benefit corporation organized under the laws of the State of California, with its main office in Costa Mesa, California;

**WHEREAS,** Orange County Coastkeeper's mission is to promote watershed resilience throughout Orange County, which it does through advocacy, education, research, restoration, and enforcement;

**WHEREAS**, Angelus Block Co. Inc. ("Angelus Block") operates a facility at 1705 North Main Street, Orange, CA 92865 (the "Facility");

**WHEREAS**, MEA Manufacturing Properties, LLC ("MEA Manufacturing") owns the real property upon which the Facility operates;

**WHEREAS,** MEA Manufacturing is located at 11374 Tuxford St., Sun Valley, CA 91352;

**WHEREAS**, Angelus Block is engaged in off-loading of cement and aggregates into bins and onto a conveyer system to a batch plan and performs the following industrial activities: molding concrete, curing concrete, and drying concrete in curing chambers;

**WHEREAS,** Angelus Block is categorized under Standard Industrial Classification ("SIC") Code 3271, Concrete Block and Brick;

**WHEREAS**, storm water discharges associated with industrial activity at the Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 97-03-DWQ, as amended by Order Nos. 2014-0057-DWQ, 2015-0122-DWQ, and 2018-0028-DWQ ("General Permit" or "Permit") and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251, *et seq.* ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, the operations at the Facility result in discharges of pollutants into waters of the United States and are regulated by the Clean Water Act Sections 301(a) and 402. 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, on March 2, 2026, Coastkeeper sent a notice of intent to file suit ("60-Day Notice") to Angelus Block, MEA Manufacturing, their registered agents for service of process, the Administrator of the United States Environmental Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Board"), the Executive Director of the Regional Water Quality Control Board, Santa Ana Region ("Regional Board"), and the Regional Administrator of EPA Region IX, alleging violations of the Clean Water Act and the General Permit Water Quality 97-03-DWQ, as amended by Order Nos. 2014-0057-DWQ, 2015-0122-DWQ, and 2018-0028-DWQ at the Facility;

**WHEREAS**, on May 1, 2026, Coastkeeper filed a complaint against Angelus Block and MEA Manufacturing (together, "Defendants") in the Central District of California, Civil Case No. 8:26-cv-01041-DFM (the "Complaint");

**WHEREAS**, Plaintiff's Complaint alleged violations of the General Permit and the Clean Water Act for Angelus Block's discharges of pollutants to the City of Orange's municipal storm drain system, which discharges into the Santa Ana River, waters of the United States, which then flows to the Pacific Ocean (collectively referred to as the "Receiving Waters");

**WHEREAS**, Coastkeeper, Angelus Block, and MEA Manufacturing (together, the "Settling Parties" or "Parties") agree that it is in their mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the 60-Day Notice without further proceedings; and

**WHEREAS**, all actions taken by Angelus Block and MEA Manufacturing pursuant to this Consent Decree shall be made in compliance with all applicable federal, state and local rules and regulations.

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1. The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the CWA, 33 U.S.C. § 1365(a)(1)(A).

2. Venue is appropriate in the Central District Court pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the Facility at which the alleged violations are taking place is located within this District.

3. The Complaint states a claim upon which relief may be granted against Angelus Block pursuant to Section 505 of the CWA, 33 U.S.C. § 1365.

4. Coastkeeper has standing to bring this action.

5. The Court shall retain jurisdiction over this action for purposes of interpreting, modifying, or enforcing the terms of this Consent Decree, or as long

thereafter as necessary for the Court to resolve any motion to enforce this Consent Decree, but only regarding issues raised within the Term of this Consent Decree.

## I. OBJECTIVES

6. It is the express purpose of the Settling Parties through this Consent Decree to further the objectives of the Clean Water Act, and to resolve all issues alleged by Coastkeeper in its 60-Day Notice. These objectives include compliance with the provisions of this Consent Decree, compliance with all terms and conditions of the General Permit, and compliance with all applicable sections of the CWA.

7. In light of these objectives and as set forth fully below, Defendants agree to comply with the provisions of this Consent Decree, terms and conditions of the General Permit, and all applicable sections of the CWA at the Facility.

## II. AGENCY REVIEW AND CONSENT DECREE TERM

### A. AGENCY REVIEW OF CONSENT DECREE

8. Agency Review. Coastkeeper shall submit this Consent Decree to the United States Department of Justice and the EPA (together, the "Federal Agencies") for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) calendar days after receipt by the Federal Agencies, as evidenced by certified return receipts, or upon the date that the Federal Agencies provide a no objection letter, whichever is earlier (the "Agency Review Period").

9. Court Notice. Coastkeeper shall notify the Court of the receipt date by the Federal Agencies, as required by 40 C.F.R. § 135.5, in order to coordinate the Court's calendar with the 45-day review period.

10. Entry of Consent Decree. Promptly following the expiration of the Agency Review Period, Coastkeeper shall submit the Consent Decree to the Court for entry.

### B. DEFINITIONS

11. Unless otherwise expressly defined herein, terms used in this Consent Decree which are defined in the CWA or in regulations or rules promulgated under the CWA have

the meaning assigned to them in the statutes or regulations or rules. Whenever terms listed below are used in this Consent Decree, the following definitions apply:

a. "BMPs" means Best Management Practices.

b. "Consent Decree" means this Consent Decree and any attachments or documents incorporated by reference.

c. "Day" or "day" means a calendar day. In computing any period of time under this Consent Decree, where the last day of such period is a Saturday, Sunday, or Federal or State Holiday, the period runs until the close of business on the next day that is not a Saturday, Sunday, or Federal or State Holiday.

d. "Discharge Point" means each outfall and discharge location designated in the SWPPP for Angelus Block.

e. "Effective Date" means the effective date of this Consent Decree, which shall be the date of full execution by the Parties.

f. "Entry Date" means the day this Consent Decree is approved and entered by the Court.

g. "Qualifying Storm Event" or "QSE" shall have the definition set forth in Section XI.B of the General Permit.

h. "Reporting Year" means the period from July 1 of a given calendar year to June 30 of the following calendar year.

i. "SMARTS" means the California State Water Resources Control Board's Stormwater Multiple Application and Report Tracking System.

j. "SWPPP" means a Storm Water Pollution Prevention Plan.

k. "Wet Season" means the period of October 1 – April 30 in any given year.

l. "Forecasted Rain Event" means a rain event with a 50% probability or greater chance of precipitation of at least 0.1 inches of rain or more at least 48 hours in advance of the expected precipitation.

m. "Term" means the period between the Effective Date and the "Termination Date."

n. "Termination Date" means 30 days after the date of the Regional Board's Approval of the Notice of Termination for Angelus Block and the completion of all payments required by this Settlement Agreement.

## III. COMMITMENTS OF THE SETTLING PARTIES

### A. CESSATION OF INDUSTRIAL OPERATIONS AND CLOSURE

12. Cessation of Industrial Operations and Notice of Termination: Angelus Block shall cease all active production at the Facility on or before December 31, 2027, and shall cease all industrial activities, remove all commercial products from the Facility, and file a Notice of Termination with the State Water Resources Control Board no later than June 30, 2028.

### B. INTERIM STORM WATER POLLUTION CONTROL BEST MANAGEMENT PRACTICES

13. Current and Additional Best Management Practices: Notwithstanding Paragraph 12, from the Effective Date until Angelus Block receives approval of their Notice of Termination, Angelus Block shall implement the following interim BMPs.

a. Close all gaps in the perimeter wall of the Facility with the exception of the two designated discharge points identified in the Facility's SWPPP;

b. Cover trash and metal recycling bins whenever bins are not in use and within 24 hours of a Forecasted Rain Event;

c. Implement the following filter sock protocol:

i. Angelus Block shall use StormwaterBIOCHAR's BiocharPEAT™ or another product with equivalent demonstrated performance for all its filter socks.

ii. Within 24 hours of a Forecasted Rain Event, deploy no fewer than two layers of filter socks upgradient of each Storm Water Discharge Point, as identified in the Facility SWPPP. Filter socks shall be deployed and stabilized to prevent storm water bypass through gaps, around ends, and underneath filter socks.

iii. Safety cones shall be placed around filter socks where any vehicles or equipment may drive to prevent damage.

iv. To prevent degradation from sun and UV exposure, damage from equipment and vehicles, and to avoid attracting rodents, which could damage the filter socks and reduce their lifespan, Angelus block shall remove, dry, or otherwise treat filter socks according to the manufacturer's recommendations. Areas upgradient of the discharge points shall be swept to remove accumulated sediment.

v. Filter socks shall be replaced as often as needed upon inspection, and no less frequently than the manufacturer's recommendation.

vi. Prior to the start of each Wet Season, Angelus Block shall provide field training to Designated Employees on the proper deployment of filter socks and the requirement specifically contained herein.

d. Angelus Block shall implement erosion control BMPs at all unpaved areas of the Facility to reduce the mobilization of sediment in storm water.

**C. SAMPLING AT THE FACILITY**

14. Frequency: Until Angelus Block Received a Notice of Termination, Angelus Block shall collect samples of storm water discharge from each Discharge Point(s) during no fewer than four (4) Qualifying Storm Events ("QSEs") per Reporting Year. Angelus Block shall sample at least two (2) QSEs during each half of the Reporting Year. If Angelus Block is unable to collect samples from two (2) QSEs during the first half of the reporting year, it shall make every effort to collect all four (4) samples in the second half of the reporting year.

15. Sampling Parameters: All samples collected pursuant to this Consent Decree shall be analyzed, at minimum, for the parameters listed in Table 1.

TABLE 1

| **Analytes** | **Values** | **Source of Limit** |
|---|---|---|
| pH | 6.5 - 8.5 | Basin Plan |
| Oil and Grease (O&G) | 15 mg/L | Permit NAL |
| Total Suspended Solids (TSS) | 100 mg/L | Permit NAL |
| Zinc (Zn)* | 0.26 mg/L | Permit NAL |
| Aluminum (Al) | 0.75 mg/L | Permit NAL |
| Copper (Cu)* | 0.0332 mg/L | Permit NAL |
| Iron (Fe) | 1 mg/L | Permit NAL |

*If Angelus Block utilizes copper-free brake pads and zinc free tires in all of its forklifts, it may omit sampling of these parameters.

16. Laboratory and Holding Time: Except for pH samples, Angelus Block shall cause delivery of all samples to a California state certified environmental laboratory for analysis within allowable hold times, pursuant to 40 C.F.R. Part 136. Analysis of pH will be completed onsite using a calibrated portable instrument for pH in accordance with the manufacturer's instructions. During the Term, Angelus Block shall exclusively use a

calibrated portable instrument for measuring pH in accordance with the manufacturer's instructions and shall not use wide range litmus pH paper or other equivalent.

17. Detection Limit: Angelus Block shall request that the laboratory use analytical methods adequate to detect the individual contaminants at or below the values specified in the General Permit and Table 1 below.

18. Reporting: Angelus Block shall electronically notify Waterkeeper within thirty (30) days of uploading storm water sample results to SMARTS.

**D. VISUAL OBSERVATIONS**

19. Storm Water Discharge Observations: During the Term, appropriately trained staff shall conduct visual observations during each QSE that is sampled in accordance with Section XI.A.2 of the General Permit.

20. Monthly Visual Observations: During the Term, appropriately trained staff shall conduct monthly non-storm water visual observations in accordance with Section XI.A.1 of the General Permit.

**E. MAINTAINING RECORDS AND RECORD REQUESTS**

21. Angelus Block shall maintain records, which may include photographs, to document compliance with all terms of this Consent Decree, including, but not limited to Paragraphs 13, 19, 20, and 25. Coastkeeper can request a copy of these records in writing, and Angelus Block shall provide Coastkeeper with a copy of such requested records within fourteen (14) days of receipt of a written request from Coastkeeper for those records.

**F. EMPLOYEE TRAINING**

22. Within thirty (30) days of the Effective Date, Angelus Block shall develop and implement an employee training program that meets the following requirements and ensures (1) that there is a sufficient number of employees working at the Facility designated to achieve compliance with the General Permit and this Consent Decree ("Designated Employees"), and (2) such Designated Employees are properly trained to perform the required activities to maintain compliance with the General Permit, the Facility's SWPPP, and this Consent Decree; and (3) all full-time regular (non-temporary)

Angelus Block employees (hereinafter referenced as "ALL Employees") receive basic information regarding housekeeping and storm water best management practices (the "Training Program").

23. Designated Employee Training shall at a minimum, include:

a. Non-Storm Water Discharges. Designated Employees shall be trained on the General Permit's prohibition of non-storm water discharges so that Designated Employees know what non-storm water discharges are, that non-storm water discharges can result from improper surface washing or the release of any substance from the property, and how to detect and prevent non-storm water discharges.

b. The SWPPP and BMPs. All Designated Employees shall be trained on the SWPPP and, specifically, BMP implementation and/or maintenance, as applicable, to ensure BMPs are implemented effectively to prevent the exposure of pollutants to storm water and prevent the discharge of contaminated storm water from the Facility. Designated Employees shall be trained on proper operational procedures and control measures. All training of Designated Employees must include the requirements of the General Permit and this Consent Decree including the additional BMPs outlined in Paragraph 13 above.

c. Visual Observation. Angelus Block shall designate and train an adequate number of Designated Employees necessary to collect storm water samples from each discharge location at the Facility and conduct visual monitoring, as required by this Consent Decree. Such training shall include the proper sampling protocols, including chain of custody requirements, to ensure storm water samples are properly collected, stored, and submitted to a certified laboratory.

d. Storm Water Sampling. Angelus Block shall designate an adequate number of Designated Employees necessary to collect storm water samples as required by this Consent Decree and the General Permit. The Training Program shall include training of Designated Employees sufficient to ensure: (i) proper sampling protocols, including chain of custody requirements, are followed at all times and, (ii) storm water samples are properly collected, stored, and submitted to a certified laboratory.

e. Training Implementation. Training of at least two Designated Employees (hereinafter referenced as "Designated Trainers") shall be provided by a Qualified Industrial Storm Water Practitioner (a "QISP," as defined in Section IX.A of the Permit) familiar with the requirements of this Consent Decree and the General Permit. The Designated Trainers and/or the QISP shall provide the training set forth in this Paragraph 23.

f. Language. The Training Program shall be conducted, and all training materials shall be made available, in the language in which the employee(s) participating in the Training Program are fluent. If necessary to accomplish the foregoing or where translation would otherwise contribute to: (i) staff comprehension of the Training Program and/or, (ii) compliance with this Consent Decree and the General Permit, Angelus Block shall provide translation services at all training sessions and translation of all training materials.

g. Training Program Frequency – Designated Employees. The Training Program shall be repeated annually or more frequently as necessary to ensure all Designated Employees are familiar with the requirements of this Consent Decree and the General Permit. Designated Employees

should, in any event, receive training prior to assuming responsibilities under the General Permit or this Consent Decree.

24. All Employee Training Program. ALL employees shall receive basic training and information regarding housekeeping and storm water best management practices, which may be performed by a Designated Trainer or a QISP

a. Training Program Frequency. ALL Employees who have not received training shall receive initial training to ensure they receive enough information regarding storm water housekeeping and best practices to comply with this Consent Decree and the General Permit. ALL Employees who are new shall receive this training within on year of hiring.

25. Training Records. Angelus Block shall maintain training records to document compliance with this section, including sign-in sheets documents which employees were trained, and shall provide Coastkeeper with a copy of such records if requested in accordance with Paragraph 21.

**G. STORM WATER POLLUTION PREVENTION PLAN**

26. SWPPP. Within thirty (30) days of the Effective Date, Angelus Block shall amend the Facility's SWPPP to address all deficiencies alleged in the Notice Letter and incorporate the requirements of the General Permit and this Consent Decree.

27. Revising the SWPPP. Angelus Block shall revise the Facility's SWPPP if there are any significant changes in Angelus Block's operations, including but not limited to changes to storm water discharge point(s) or significant changes/additions to the BMPs at Angelus Block, within thirty (30) days of the occurrence of any of the above-listed events.

28. Commenting on Revised SWPPPs. Angelus Block shall submit each revised SWPPP to Coastkeeper for review and comment within thirty (30) days of its completion. Coastkeeper shall provide comments, if any, to Angelus Block within thirty (30) days of receipt of the SWPPP. Within thirty (30) days of receiving Coastkeeper's comments on

the SWPPP, Angelus Block shall accept and incorporate Coastkeeper's comments into the SWPPP or, alternatively, justify in writing why any comment is not being incorporated. Any disputes as to the adequacy of a SWPPP and/or Angelus Block's failure to incorporate Coastkeeper's comments shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

**H. COMPLIANCE MONITORING AND REPORTING**

29. Coastkeeper may conduct up to three (3) site inspections ("Site Inspection") during the Term with reasonable notice to arrange for liability waivers and escorts for the purpose of ensuring compliance with this Consent Decree and the General Permit. In the event of a dispute regarding Angelus Block's compliance with the requirements of filing a Notice of Termination, the Parties agree to meet and confer regarding one additional Site Inspection at Coastkeeper's request. Coastkeeper shall not unreasonably request, and Angelus Block shall not unreasonably deny, the additional Site Inspection. Any Site Inspection shall occur during normal business hours, and Coastkeeper will provide Angelus Block with at least three business days notice prior to a Site Inspection. For any Site Inspection requested to occur in wet weather, Coastkeeper shall be entitled to adjust timing or reschedule during normal business hours in the event the forecast changes and anticipated precipitation appears unlikely, and thus frustrates the purpose of visiting the Facility in wet weather. Notice will be provided by electronic mail to the individual(s) designated below at Paragraph 55 and liability waivers must be received at least one business day prior to inspection(s) Coastkeeper shall be permitted to take samples, photographs or video recordings during any Site Inspection.

30. <u>Document Provision</u>. During the Term, Angelus Block shall notify and submit documents to Coastkeeper as follows:

a. Angelus Block shall copy Coastkeeper on all compliance documents, monitoring and/or sampling data, written communications and/or correspondences, or any documents related to storm water quality at the

Facility that are submitted to the Regional Board, the State Board, and/or any state or local agency, county or municipality;

b. Within seven (7) business days of receipt by Angelus Block, Angelus Block shall send to Coastkeeper any compliance document, inspection report, written communication and/or correspondence, or any document related to storm water quality at the Facility received by Angelus Block from the Regional Board, the State Board, and/or any state or local agency, county, municipality. Angelus Block shall email electronic copies of documents to Coastkeeper at the relevant notice address contained below.

31. Compliance Monitoring. Angelus Block agrees to partially defray costs associated with Coastkeeper's monitoring of Angelus Block's compliance with this Consent Decree Twenty-Five Thousand Dollars ($25,000.00) until the Termination Date. Payment shall be made within thirty (30) days of the Entry Date. The payment shall be made via check, made payable to: "Orange County Coastkeeper" via certified mail, return receipt requested to Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626. Failure to submit payment as required under this Paragraph will constitute breach of the Consent Decree.

## I. ENVIRONMENTAL MITIGATION, LITIGATION FEES AND COSTS, STIPULATED PENALTIES, AND INTEREST

32. Environmental Mitigation Project: To fund environmental project activities that will reduce or mitigate the impacts of storm water pollution from industrial activities occurring in and around the Santa Ana River, Angelus Block agrees to make a payment totaling Thirty-Five Thousand Dollars ($35,000.00) to Tides Center made within thirty (30) days of the Entry Date, payable to Tides Center/Marine Education Project and sent via overnight mail to Annie Frankel, Marine Education Project, c/o California Coastal Commission, 455 Market Street, Suite 200, Room 228, San Francisco, CA 94105. Failure

to submit payment as required under this Paragraph will constitute breach of the Consent Decree.

33. Coastkeeper's Fees and Costs: Angelus Block agrees to pay a total of Seventy Thousand Dollars ($70,000.00) to Coastkeeper to partially reimburse Coastkeeper for their investigation fees and costs, expert/consultant fees and costs, reasonable attorneys' fees, and other costs incurred as a result of investigating and filing the lawsuit, and negotiating a resolution of this matter within thirty (30) days of the Entry Date. The payment shall be made payable to Orange County Coastkeeper and delivered by certified mail or overnight carrier to: Orange County Coastkeeper, 3151 Airway Ave., Suite F-110, Costa Mesa, CA 92626, unless made via wire transfer. Failure to submit payment as required under this Paragraph will constitute breach of the Consent Decree.

34. Stipulated Payment: In the event that Angelus Block fails to submit to Coastkeeper any payment, document, report, or communication required by this Consent Decree, Coastkeeper shall provide written notice to Angelus Block of such missed deadline. Angelus Block shall have five (5) business days from receipt of such notice to respond to Coastkeeper, and if necessary, cure such delinquency. If the Facility fails to respond and, if necessary, cure such alleged delinquency within five (5) business days of receipt of Coastkeeper's notice, then Angelus Block shall pay a stipulated payment of One Hundred Dollars ($100.00) per day. Such stipulated payments shall be made by check payable to: Tides Center/Marine Education Project, and such funds shall be used for the sole purpose of funding environmentally beneficial projects, as described in Paragraph 32. Payment shall be sent via overnight mail to Annie Frankel, Marine Education Project, c/o California Coastal Commission, 455 Market Street, Suite 200, Room 228, San Francisco, CA 94105. Angelus Block agrees to make the stipulated payment within fourteen (14) days after the resolution of the event that precipitated the stipulated payment liability.

## IV. DISPUTE RESOLUTION

35. This Court shall retain jurisdiction over this matter for the Term for the purposes of enforcing its terms and conditions, and adjudicating all disputes among the

Parties that may arise under the provisions of this Consent Decree. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

36. Meet and Confer. Either party to this Consent Decree may invoke the dispute resolution procedures of this Section IV by notifying the other party in writing of the matter(s) in dispute and of the disputing party's proposal for resolution. The Parties shall then meet and confer in good faith (either telephonically or in person) within ten (10) days of the date of the notice in an attempt to fully resolve the dispute no later than thirty (30) days from the date of the notice.

37. Conference. If the Parties cannot resolve the dispute within thirty (30) days of the meet and confer described in Paragraph 36 above, the Parties agree that the dispute may be submitted for formal resolution by filing a motion before the United States District Court for the Central District of California. The Parties agree to request an expedited hearing schedule on the motion. If the parties do not wish to request a conference with a magistrate, they may request a settlement conference.

38. In resolving any dispute arising from this Consent Decree before the Court, the prevailing Party shall be entitled to seek fees and costs incurred pursuant to the provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), and applicable case law interpreting such provisions, or as otherwise provided for by statute and/or case law.

## V. MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

39. Coastkeeper's Waiver and Release of Angelus Block. In consideration of the above, upon the Effective Date of this Consent Decree, Coastkeeper, on its own behalf and on behalf of its officers and directors, releases Angelus Block, their officers, directors, managers, employees, members, parents, subsidiaries, divisions, affiliates, successors or assigns, agents, attorneys and other representatives, from and waives all claims that were raised in the 60-Day Notice and/or the Complaint up to and including the Termination Date of this Consent Decree.

40. Angelus Block's Waiver and Release of Coastkeeper. In consideration of the above, upon the Effective Date of this Consent Decree, Angelus Block, on its own behalf and on behalf of its officers, directors, employees, parents, subsidiaries, affiliates and each of their successors or assigns, releases Coastkeeper, its officers and directors, from and waives all claims related to the 60-Day Notice and/or the Complaint up to and including the Termination Date of this Consent Decree.

## VI. MISCELLANEOUS PROVISIONS

41. No Admission of Liability. The Parties enter into this Consent Decree for the purpose of avoiding prolonged and costly litigation. Neither the Consent Decree nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, or acknowledgement of any fact, law or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation. Angelus Block maintains and reserves all defenses it may have to any alleged violations that may be raised in the future.

42. Counterparts. This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

43. Authority. The undersigned representatives for Coastkeeper and Angelus Block each certify that s/he is fully authorized by the party whom s/he represents to enter into this Consent Decree. A Party's signature to this Consent Decree transmitted by facsimile or electronic mail shall be deemed binding.

44. Construction. The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the Permit, the Clean Water Act, or specifically herein. The captions and paragraph headings used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

45. Full Settlement. This Consent Decree constitutes a full and final settlement of this matter.

46. Integration Clause. This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

47. Severability. In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

48. Choice of Law. The laws of the United States shall govern this Consent Decree.

49. Diligence: Angelus Block shall diligently file and pursue all required permit applications for any required BMPs and shall diligently procure contractors, labor, and materials needed to complete all BMPs by the required deadlines.

50. Effect of Consent Decree: Compliance with this Consent Decree does not mean that Angelus Block is complying with the General Permit, the Clean Water Act, or any other law, rule, or regulation.

51. Negotiated Settlement. The Settling Parties have negotiated this Consent Decree, and agree that it shall not be construed against the party preparing it, but shall be construed as if the Settling Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

52. Modification of the Consent Decree. This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties and approved by the Court. Any request to modify any provision of the Consent Decree, including but not limited to any deadline(s) set forth herein, must be made in writing at least fourteen (14) days before the existing deadline(s) applicable to the provision(s) proposed to be modified.

53. Assignment. Subject only to the express conditions contained in this Consent Decree, all the rights, duties and obligations contained in this Consent Decree shall inure

to the benefit of and be binding upon the Settling Parties, and their successors and assigns. In the event that Angelus Block's transferee or assign ("Assignee") will continue industrial operations at the Facility, Angelus Block shall notify Coastkeeper ten (10) days in advance of the proposed transfer or assignment ("the Assignment Notice") and within ten (10) days following the Assignment Notice, Angelus Block will provide Coastkeeper with a written assignment and assumption duly executed by the Facility and the Assignee assigning Angelus Block's obligations under this Consent Decree to the Assignee.

54. Force Majeure. Neither of the Parties shall be considered to be in default in the performance of any of their respective obligations under this Consent Decree when performance becomes impossible due to a Force Majeure event. A Force Majeure event is any circumstance beyond a Settling Party's control, including without limitation, any act of God, war, fire, earthquake, flood, windstorm, pandemic, public health crisis, or natural catastrophe; criminal acts; civil disturbance, vandalism, sabotage, or terrorism; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from any governmental agency. A Force Majeure event shall not include normal inclement weather, economic hardship, inability to pay, or employee negligence. Any party seeking to rely upon this Paragraph to excuse or postpone performance shall have the burden of establishing that it could not reasonably have been expected to avoid the Force Majeure event and which by exercise of due diligence has been unable to overcome the failure of performance. The Parties shall exercise due diligence to resolve and remove any Force Majeure event.

55. Correspondence. All notices required herein or any other correspondence pertaining to this Consent Decree shall be, the extent feasible, sent via electronic mail transmission to the e-mail address listed below, or if electronic mail is not feasible, then by certified U.S. mail with return receipt, or by hand delivery to the following addresses:

If to Coastkeeper:
Sarah J. Spinuzzi
Email: sarah@coastkeeper.org
ORANGE COUNTY COASTKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, CA 92626
Phone: (714) 850-1965

With copies to:
Sarah Lippmann
Email: slippmann@coastkeeper.org
ORANGE COUNTY COASTKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, CA 92626
Phone: (714) 850-1965

If to Angelus Block:
Mathew Richmond
Email: Matthew@angelusblock.com
Angelus Block, Co. Inc.
11374 Tuxford St.
Sun Valley, CA 91352
Phone: (818) 767-8576

If to MEA Manufacturing:
Marla Richmond
Email: MarlaRichmond@angelusblock.com
MEA Manufacturing Properties, LLC
11374 Tuxford St.
Sun Valley, CA 91352
Phone: (818) 767-8576

With copies to:
Scott J. Sachs
Email: ssachs@aalrr.com
Atkinson, Andelson, Loya, Ruud & Romo
12800 Center Court Dr., Suite 300
Cerritos, CA 90703
Phone (562) 653-3200

Notifications of communications shall be deemed submitted three (3) days after the date that they are postmarked and sent by first-class mail, or immediately after acknowledgement of receipt via email by the receiving party. Any change of address or addresses shall be communicated in the manner described above for giving notices.

56. If for any reason the District Court should decline to approve this Consent Decree in the form presented, the Parties shall use their best efforts to work together to modify the Consent Decree within thirty (30) days so that it is acceptable to the District Court. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner that is also acceptable to the District Court, this Consent Decree shall immediately

be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

The Parties hereto enter into this Consent Decree and submit it to the Court for its approval and entry as a final judgment.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth below.

APPROVED AS TO CONTENT

Dated: September 17, 2026

By: [signature]
Garry Brown
Executive Director
Orange County Coastkeeper

Dated: 9-16-26

By: [signature]
Edward Antonini
President
Angelus Block Co. Inc.

Dated: 9-16-26

By: [signature]
Marla Richmond
Partner
MEA Manufacturing Properties, LLC

APPROVED AS TO FORM

Dated: September 17, 2026

By: Sarah J. Spinuzzi
Attorney for Orange County Coastkeeper

Dated: September 16, 2026

By: Scott J. Sachs
Attorney for Angelus Block Co. Inc. and MEA Manufacturing Properties, LLC

**IT IS SO ORDERED.**
**FINAL JUDGMENT**

Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between Coastkeeper and Defendants.

Dated: November 17, 2026

Honorable Douglas F. McCormick
United States Magistrate Judge
Central District of California